UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND KIZZEE,                            No. C 07-2567 MHP (pr)

      Plaintiff,                               **ORDER OF DISMISSAL**

   v.

Capt. G. ZAVALA; et al.,

      Defendants.

      Raymond Kizzee, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. In his complaint, Kizzee alleges that correctional officers lost, misplaced or stole his television set after it was confiscated in a cell search. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

      A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

1  487 U.S. 42, 48 (1988).

2  Allegations of negligent or intentional deprivation of property do not state a due 3 process claim under Section 1983 if the deprivation was random and unauthorized. See 4 Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's 5 hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 6 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's 7 property). The availability of an adequate state post-deprivation remedy, e.g. a state tort 8 action, precludes relief because it provides adequate procedural due process. See King v. 9 Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-10 deprivation remedy for any property deprivations. See Barnett v. Centoni, 31 F.3d at 816-17 11 (citing Cal. Gov't Code §§ 810-895).

12  Kizzee's allegations that his personal property was wrongfully lost, misplaced, 13 damaged, or stolen by correctional officers are of a random and unauthorized deprivation of 14 property and therefore are not cognizable under Section 1983. His property claim may be 15 cognizable under state law, but such a claim must be brought in state court rather than in 16 federal court.

17  For the foregoing reasons, the complaint is dismissed for failure to state a claim upon 18 which relief may be granted. The clerk shall close the file.

19  IT IS SO ORDERED.

20  Dated: August 6, 2007

  Marilyn Hall Patel
  United States District Judge

2